WILLIAM WIMPEE et al., plaintiffs in error, vs. DANIEL R. MITCHELL, administrator, defendant in error.

W. & P. were partners in trade. P. dies and W. gives a mortgage to his representatives, to secure P's estate in the payment of an individual claim; and

also to indemnify it against the payment of the firm debts. The mortgaged property is sold and the money brought into Court. It was not pretended, but that the estate of P. was solvent.

*Held*, That the creditors of the firm, were not entitled to have this fund withheld from the administrators of P., and applied directly to their demands.

In Equity, in Floyd Superior Court. Decision by Judge HAMMOND, February Term, 1859.

This bill was filed by the administrators of William T. Price, deceased, alleging, that he in his lifetime was in partnership in the grocery and carriage and blacksmith business, with one William Wimpee ; that complainants and Wimpee, after William T. Price's death, entered into an agreement by which all the assets of said firm, amounting to over ten thousand dollars, were to be turned over to Wimpee, to take charge of the same and to pay and discharge the debts due by said firm, amounting to over five thousand dollars, and further agreeing to execute to complainants, as administrators aforesaid, his mortgage of certain real and personal estate, to secure the estate of Price harmless against said debts, and further as a security for the payment of $2,500 due by Wimpee to said Price. In pursuance of said agreement, Wimpee executed the mortgage, dated 25th March 1853. That afterwards the Sheriff of Floyd county, under and by virtue of an execution at the suit of Luther Roll, against the surviving partner, Wimpee, which execution was younger than the mortgage, levied upon the mortgaged property and advertised the same for sale. At the sale, the mortgage was made known, and that it was to secure an amount much greater than the value of the property levied on. These facts were stated by one of the administrators, Daniel R. Mitchell, who at the same time waived their lien upon the property, as mortgagees, and stated that they would claim the proceeds of the sale, and thus the purchaser would get a good title, discharged of the mortgage lien. That Wimpee was present and assented to this arrangement, and no one objected ; that the property

after deducting the expenses of sale, brought $2,384 25, and that this fund is still in the hands of the Sheriff, who refuses to pay it over to complainants.

The bill further states, that Wimpee is squandering and misapplying the assets of the said firm, and not paying or discharging the debts thereof, and is insolvent. The bill prays for the appointment of a receiver to take charge of the assets of said firm, and to pay the debts; that the Sheriff be decreed to pay to complainants the amount in his hands received from the sale of the mortgaged property, and that he be enjoined from paying out the same, to any other persons.

After this bill was filed, Baker and Wilcox, judgment creditors of Wimpee, surviving partner, took out a rule against the Sheriff, to show cause why he should not out of the proceeds of said sale, pay their execution. Their judgment bore date 2d June, 1854, junior also to the mortgage. The Court, upon the return of the Sheriff, refused to make the rule absolute, and that decision was affirmed by the Supreme Court, upon writ of error. See *Baker & Wilcox vs. Wimpee*, 22 *Ga. R.* 69.

Afterwards, Luther Roll, and Baker & Wilcox, commenced the bill in equity, and the cause came on for trial at February Term, 1859.

Charles Price, one of the administrators, and co-complainants in the bill, having died, the suit proceeded in the name of Mitchell, the surviving administrator.

At the trial, complainant after reading the bill and answers, offered and read in evidence the mortgage and note described therein; and also, a *fi. fa.* in favor of Black & Cobb against William Wimpee, surviving partner, for the sum of $391 10, besides interest and cost, issued upon a judgment, dated 20th March, 1858, and closed.

Counsel for defendants, Black & Cobb, Baker, Wilcox & Co.; and Luther Roll, then offered in evidence, the original notes by Wimpee & Price due to them, and the judgments

obtained thereon.  All of which, the Court rejected, holding and deciding, that the defendants could not come in and set up their claims to the money in the hands of the Sheriff, nor establish them against the estate of William T. Price, deceased, in that collateral way: And further holding, that the mortgage lien of complainant could not be defeated by the creditors of Wimpee.

To which ruling and decision counsel for defendants excepted.

Printup and Alexander, for plaintiff in error.

*By the Court.*—Lumpkin J. delivering the opinion.

The object of this bill was two-fold; first, to foreclose the mortgage given by Wimpee to the administrators of Price; and to enforce their lien upon the fund in the hands of the Sheriff, from the sale of the mortgaged property, in accordance with the agreement between the parties, at the time the property was sold; and, secondly, to have a receiver appointed to take charge of the partnership effects of the former firm of Wimpee & Price.  Wimpee was the real defendant in the bill, and the partnership creditors were called in, not to litigate their claim upon the fund, or to obtain decrees against the estate of Price; but in order that they might be bound, by the decree against the fund, and against Wimpee, the surviving copartner.  No decree was prayed for against the creditors.  And in this aspect of the proceedings, we see no error in the ruling of the Court.

Did it appear that the estate of Price was insolvent, then perhaps, there would be equity in allowing these creditors to be heard.  And in such case, the funds might be withheld from the hands of the representatives of Price, and applied directly to the demands of the creditors of the concern.  But not only is there, the absence of any allegation to that effect; but we infer from the argument, that in point of fact, the

contrary is true; that the estate is abundantly good for all its liabilities.

It seems too, that this fund was raised from the individual property of Wimpee. And the individual debt of $2,500, due by Wimpee to the estate of Price, and which is secured by the mortgage, would be more than enough to cover the whole amount of the money collected, and would be entitled to priority over the copartnership debts. But in the end, this will make no difference, as the estate of Price is bound for the whole, and I suggest it merely as a ground, why it would be unreasonable to permit the firm creditors to intercept this cash, and divert it from the due course of administration.

By an examination of the mortgage, it will be seen, that contrary to what was assumed in the argument, these partnership debts are not provided for. The mortgage was given for the double purpose of securing the estate of Price, in the individual claim held on Wimpee, and to which I have already alluded, and to indemnify the estate against loss in having the partnership debts to pay; and for no other purpose.

We see no sufficient reason therefore, why this fund should be withheld from the mortgagees. Nor can we account why it is, the partnership creditors should be fighting over this money, at an expense and delay, and at most, insufficient to satisfy their debts, instead of pursuing the estate directly and getting their money.

                              Judgment affirmed.